

**SCHULTE
ROTH +
ZABEL**

Michael E. Swartz
212.756.2471
Michael.Swartz@srz.com

January 22, 2025

**VIA ECF AND FAX**

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Fax: (212) 805-7942

Re: *Masimo Corp. v. Kiani et al.*, No. 24-cv-8147-AKH (S.D.N.Y.)
<u>Letter Motion for Approval to File Certain Documents Under Seal</u>

Dear Judge Hellerstein:

In accordance with Your Honor's Individual Rule 4(B) and the Southern District of New York's Electronic Case Filing ("<u>ECF</u>") Rules and Instructions Rule 6.1, I write on behalf of Masimo Corporation ("<u>Masimo</u>"), plaintiff in the above-referenced action, and my firm, Schulte Roth & Zabel LLP ("<u>Schulte</u>"), to respectfully request the Court's approval to file under seal certain documents being filed in support of Masimo's Opposition to RTW's[1] Motion to Disqualify Schulte as Masimo's counsel in the above-referenced action (the "<u>Opposition</u>").

In support of its arguments in the Motion, RTW disclosed the contents of certain communications between RTW and Schulte. To rebut those arguments and provide the Court with a full picture of the relevant facts bearing on the Motion, Schulte must submit other portions of those communications which RTW may claim contain privileged and/or confidential information[2] because RTW has put those communications at issue in the Motion. *See, e.g., In re Actos Antitrust Litig.*, 628 F. Supp. 3d 524, 533 (S.D.N.Y. 2022) (when a party puts certain privileged information "at issue . . . , fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary").

In particular, the Declaration of Adriana F. Schwartz, Esq. in Opposition to RTW's Motion (the "<u>Schwartz Declaration</u>"), submitted herewith, includes details of a July 3, 2024 telephone call between Ms. Schwartz and Alice Lee, RTW's Senior Counsel. Ms. Lee's recollection of this call is described in

---

[1] "RTW" refers to Defendants Roderick Wong, Naveen Yalamanchi, RTW Investments, LP, RTW Investments GP, LLC, RTW Master Fund, Ltd., RTW Offshore Fund One, Ltd., RTW Offshore Fund One, Ltd., RTW Onshore Fund One, LP, RTW Innovation Master Fund, Ltd., RTW Innovation Offshore Fund, Ltd., RTW Innovation Onshore Fund, LP, and RTW Fund Group GP, LLC.

[2] Neither Masimo nor Schulte concedes that any portion of the declarations or the exhibits attached thereto contain privileged and/or confidential information but they are redacted out of an abundance of caution.



January 22, 2025
Page 2

detail in Ms. Lee's declaration submitted in support of RTW's Motion. ECF No. 95. Ms. Schwartz's disclosures directly relate to and provide further details regarding the call. Likewise, the Declaration of Randall T. Adams in Opposition to RTW's Motion (the "Adams Declaration") specifically responds to assertions made by RTW. For the avoidance of doubt, Schulte has not shared this information with Masimo.

Thus, Masimo and Schulte respectfully request the Court's approval to publicly file redacted versions of its Memorandum of Law in Opposition to RTW's Motion, the Schwartz Declaration, and the Adams Declaration. The proposed redactions prevent information that may be claimed to contain privileged and confidential materials from being publicly available, and are "narrowly tailored" to prevent the public disclosure of only that information. *See Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 124 (2d Cir. 2006) (sealing justified where "sealing order is narrowly tailored to achieve [the] aim" of preserving "higher values"); *see In re Lifetrade Litig.*, No. 17-CV-2987 (JPO) (KHP), 2022 WL 17325611, at *1 (S.D.N.Y. Nov. 29, 2022) ("'Higher values' the preservation of which might warrant sealing include . . . preservation of attorney-client privilege."); *see also Lugosch*, 435 F.3d at 125 (similar).

The proposed redactions are consistent in principle with the redactions made by RTW in the Motion, which the Court approved via Order on January 21, 2025. ECF No. 109.

In accordance with the ECF Rules and Instructions Rules 6.5(a) and 6.9, Masimo requests that access to the unredacted versions of the above-described documents be limited at the "selected parties" viewing level, allowing access only to counsel to RTW and counsel to Masimo, but not counsel to Defendant Joe Kiani, as Mr. Kiani did not join the Motion and has no need to view the confidential information contained within.

Pursuant to Your Honor's Individual Rule 4(B)(i), one full set of the above-referenced documents will be submitted to Chambers with highlighted portions of the documents for which it proposes redactions.

For these reasons, Masimo respectfully requests leave to electronically file the above-referenced documents in their redacted form.

Respectfully submitted,

Michael E. Swartz