UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
MASIMO CORPORATION, :
: **ORDER AND OPINION**
Plaintiff, : **GRANTING MOTION TO**
: **TRANSFER VENUE**
-against- :
: 24 Civ. 8147 (AKH)
JOE KIANI, RODERICK WONG, NAVEEN :
YALAMANCHI, RTW INVESTMENTS, LP, :
RTW INVESTMENTS GP, LLC, RTW MASTER :
FUND, LTD., RTW OFFSHORE FUND ONE, :
LTD., RTW ONSHORE FUND ONE, LP, RTW :
INNOVATION MASTER FUND, LTD., RTW :
INNOVATION OFFSHORE FUND, LTD., RTW :
INNOVATION ONSHORE FUND, LP, and RTW :
FUND GROUP GP, LLC, :
:
Defendants. :
:
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff Masimo Corporation filed a First Amended Complaint against Defendants on December 30, 2024, alleging that Defendants secretly colluded in an "empty voting" scheme to manipulate the outcome of the corporate election at Masimo Corporation's September 2024 annual shareholder meeting. Plaintiff alleges jurisdiction under Section 27 of the Securities Exchange Act, 15 U.S.C. § 78aa, for violations of Sections 13(d) and 16(b) of the Act, 15 U.S.C. §§ 78m(d), 78p(b). Defendants move to dismiss, or in the alternative, to transfer the case to the United States District Court for the Central District of California. Defendants also move to disqualify Plaintiff's counsel. For the reasons below, this case is so transferred, and the motions to dismiss and to disqualify counsel are referred to that court.

1

## FACTS

Plaintiff Masimo Corporation ("Masimo") is a medical technology company, incorporated in Delaware, with its headquarters and principal place of business in Irvine, California. Defendant Joe Kiani founded Masimo and served as its Chairman and CEO from its founding in 1989 through the annual shareholder meeting in September 2024. Defendant Kiani is a resident of Orange County, California, in the Central District of California. Defendant Roderick Wong is the founder and principal owner of Defendant RTW Investments, LP. Defendant Naveen Yalamanchi is a partner and portfolio manager at RTW Investments, LP. The remaining Defendants are private funds advised by RTW Investments, LP or general partners of it (collectively, the "RTW Defendants"). RTW Investments, LP holds shares of Masimo stock.

On March 25, 2024, one of Masimo's largest shareholders, Politan Capital Management LP ("Politan") announced that it would be nominating two independent candidates for election to Masimo's six-seat Board, running against Defendant Kiani and another nominee. If the Politan nominees won election, Mr. Kiani and the other nominee would be ousted from the Board. In advance of the record date, the date on which voting eligibility for the annual meeting was determined, RTW bought shares of Masimo, increasing its position from 2.8% to 9.9%. Simultaneously, RTW sold short an equivalent number of shares to offset its increased position. After the record date, RTW reduced its share position back to 2.8%. The annual shareholder meeting was held on September 19, 2024 in Irvine, California, and the Politan nominees were elected to the Masimo Board. Defendant Kiani subsequently resigned.

Plaintiff Masimo Corporation alleges in its Amended Complaint that, although they were ultimately unsuccessful, Defendants Joe Kiani and the RTW Defendants secretly colluded to inflate their voting power at the annual meeting in an "empty voting" scheme that violated Section 13(d). Plaintiff alleges, among other things, that Defendants Kiani and

2

Yalamanchi colluded through a series of texts, phone calls, and emails in the lead-up to the shareholder meeting, and that they frequently meet and socialize in Orange County, California. Plaintiff also alleges that Defendants formed an undisclosed group when they agreed that RTW would accumulate Masimo stock and became statutory insiders subject to Section 16(b) because they beneficially owned 10% or more of Masimo's stock. By engaging in these stock purchases and sales in the period prior to the shareholder meeting, RTW allegedly generated short-swing profits that it failed to disgorge to Masimo, in violation of Section 16(b). Plaintiff seeks an Order directing Defendants to file Schedule 13Ds in compliance with Section 13(d) and requiring RTW to disgorge all short-swing profits pursuant to Section 16(b).

On July 25, 2024, prior to the annual shareholder meeting, Plaintiff Masimo filed a complaint against Politan and certain Politan officers and entities in the Central District of California, seeking to enjoin the upcoming shareholder vote. In that complaint, Masimo stated that allegations of an empty voting scheme had no merit, although it later disavowed that statement in its Amended Complaint. Judge Selna in the Central District of California adjudicated the issues raised in that action, before granting Plaintiff's request for dismissal on February 4, 2025.

Plaintiff Masimo Corporation filed a complaint in this action in the Southern District of New York on October 25, 2024, following the shareholder vote, and later filed a First Amended Complaint on December 30, 2024. Defendants move to dismiss the First Amended Complaint or in the alternative, to transfer the case to the Central District of California.

## DISCUSSION

Under 28 U.S.C. § 1404(a), a district court may transfer "any civil action to any other district or division where it might have been brought," provided that such transfer is "for the convenience of the parties and witnesses, in the interest of justice." The district court

3

conducts a two-part inquiry to determine whether transfer is appropriate, first determining whether the action "might have been brought" in the transferee court and then whether a transfer would further the convenience of the parties and the interest of justice. *See In re Collins & Aikman Corp. Sec. Litig.*, 438 F.Supp.2d 392, 394 (S.D.N.Y. 2006). The decision to transfer "lie[s] within the broad discretion of the district court." *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).

This action is brought pursuant to the Securities Exchange Act, 15 U.S.C. § 78aa(a), a statute authorizing jurisdiction in any district "wherein the defendant is found or is an inhabitant or transacts business," and providing for nationwide service of process. 15 U.S.C. § 78aa(a); *see also Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991). Defendant Kiani is a resident of the Central District of California, and jurisdiction may also be exercised over the remaining Defendants in the Central District of California pursuant to Section 78aa's nationwide service of process clause. This action thus "might have been brought" in the Central District of California. 28 U.S.C. § 1404(a).

I must now determine whether transfer to that District would further the convenience of the parties and the interest of justice. Courts weigh several factors in determining whether a transfer would further the convenience of the parties and the interest of justice: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties. *DH Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006).

4

Plaintiff Masimo chose to file its complaint in the Southern District of New York. The plaintiff's choice of forum is usually entitled to considerable weight, but the weight of that preference is "substantially diminished" when "the operative facts have few meaningful connections to the plaintiff's chosen forum" and when the forum is not the plaintiff's home district. *Ayala-Branch v. Tad Telecom, Inc.*, 197 F.Supp.2d 13, 15 (S.D.N.Y. 2002); *see also AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*, 326 F.Supp.2d 525, 531 (S.D.N.Y. 2004). Masimo is at home in the Central District of California, not in New York. And although the RTW Defendants traded Masimo stock in New York and are headquartered there, the locus of the alleged fraudulent "empty voting" scheme was in the Central District of California, where the shareholder vote at issue took place and where Defendant Kiani resided and allegedly orchestrated the scheme with the RTW Defendants, Defendant Yalamanchi, and Defendant Wong. Masimo's choice of the Southern District of New York as its forum is therefore accorded lesser weight, and the locus of operative facts suggests this case is more appropriately adjudicated in the Central District of California.

The Central District of California is more convenient for many parties, witnesses, and relevant evidence in this case. Masimo is headquartered there and has its offices there, and Defendant Kiani resides there. The RTW Defendants are the only parties for whom the Central District of California is not more convenient, but they moved to transfer the case to California.

The fact that Plaintiff previously filed an action in the Central District of California involving overlapping parties and interests, and relating to the same shareholder vote and corporate control contest that is at issue in this case, further supports transfer of this action. *See Masimo Corp. v. Politan Capital Management LP*, 8:24-cv-01568-JVS-JDE, 2024 WL 4800692, *1 (C.D. Cal. Sept. 11, 2024). While the first-filed rule does not apply here, since the

5

C.D. Cal. action was voluntarily dismissed and is no longer pending, it is appropriate and judicially efficient for the same court that adjudicated the first action to adjudicate this one as well.[1] *Accord Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968).

## CONCLUSION

For the aforementioned reasons, that part of Defendants' motions, to transfer the case to the United States District Court for the Central District of California, is granted. The motions to dismiss and to disqualify Plaintiff's counsel are referred to that court. The status conference scheduled to be held on April 4, 2025 is cancelled. The Clerk is directed to transfer the case file, *Masimo Corporation v. Kiani et al*, 24-CV-08147, to the United States District Court for the Central District of California.

SO ORDERED.

Dated: April 3, 2025
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[1] It bears noting that Defendants filed their motion to dismiss, or in the alternative, to transfer, this Southern District of New York action before the Central District of California action was dismissed.